SO ORDERED.

SIGNED this 29th day of October, 2014.




UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE: | |
|---|---|
| UNIVERSITY DIRECTORIES, LLC | CASE NO. 14 - 81184 |
| PRINT SHOP MANAGEMENT, LLC | CASE NO. 14 - 81180 |
| VILCOM, LLC | CASE NO. 14 - 81177 |
| VILCOM INTERACTIVE MEDIA, LLC | CASE NO. 14 - 81181 |
| VILCOM PROPERTIES, LLC | CASE NO. 14 - 81179 |
| VILCOM REAL ESTATE DEVELOPMENT (VRD), LLC | CASE NO. 14 - 81182 |
| DEBTORS. | CHAPTER 11 |
| Order Granting Motion (1) to Approve Private Sale of Real Property at 15 Seaside Sparrow Road, Hilton Head, South Carolina and (2) Transfer Liens to Proceeds | |

This matter came before the Court for hearing on October 28, 2014, to consider the "Motion (1) to Approve Private Sale of Real Property at 15 Seaside Sparrow Road, Hilton Head, South Carolina and (2) Transfer Liens to Proceeds" (the "Motion") filed by University Directories, LLC ("UD"), Print Shop Management, LLC ("Print Shop"), Vilcom, LLC ("Vilcom"), Vilcom Interactive Media, LLC("VIM"), Vilcom Properties, LLC ("VP") and Vilcom Real Estate Development (VRD), LLC ("VRD," and collectively, the "Debtors") pursuant to § 363 of the Bankruptcy Code, Bankruptcy Rules 6004 and 9014.

1

After due consideration of the matters set forth in the Motion, the objection filed by UDX, LLC, the evidence presented, the official file for each of the Debtors and the comments of parties wishing to be heard, the Court makes the following findings, conclusions and Orders:

1. On October 24, 2014 (the "Petition Date"), the Debtors filed voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code and Orders for relief were entered in each case. The Debtors continue in possession of their respective assets and operate their respective businesses as a debtors-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. VRD owns residential real properties located at (i) 740 Gimghoul Road, Chapel Hill, North Carolina ("Gimghoul") and (ii) 15 Seaside Sparrow Road, Hilton Head Island, South Carolina ("HHI").

4. The cases involve affiliated Debtors and the primary secured creditors in each case are Wells Fargo Bank, N.A. ("Wells Fargo") and UDX, LLC, as successor in interest to Harrington Bank, FSB ("UDX").

   a. Wells Fargo holds three (3) separate loans. Two of the loans are secured solely by a first and a second lien on HHI, which is presently titled in the name of VRD. The third loan is secured by a third lien on HHI and a second lien on Gimghoul (also titled in the name of VRD), with UD as the borrower and VRD as a guarantor.

   b. UDX is the holder of several loans which were initially made by Harrington Bank. Bank of North Carolina acquired Harrington Bank and shortly thereafter sold these loans directly or through a related party to UDX. The UDX loans are secured by most but not all of the Debtors' assets, including HHI and Gimghoul.

5. None of the loans held by Wells Fargo are disputed as to the extent or validity of the liens or the amounts outstanding. However, the Debtors assert that the loans held by UDX are the subject of bona fide dispute by the Debtors. Other than the foregoing liens, the Debtor is not aware of any other lien or encumbrances attached to HHI.

6. HHI was originally titled in the name of Mr. Heavner, who listed the property for sale and after a period of marketing accepted an offer to sell the property to Andrea Tarbox and David Gransee or their designee (the "Purchasers") under the terms and conditions set forth in

2

the Contract of Sale attached to the Motion as <u>Exhibit A</u> (the "Contract"). Mr. Heavner transferred HHI to VRD two days prior to the Petition Date. Said transfer was recorded on October 27, 2014. UDX objected to the Motion on several grounds, including an objection that the transfer from Heavner to VRD was invalid.

7. The Contract provides for a purchase price of $5,225,000 and anticipates a closing on or before November 15, 2014. The parties had scheduled the closing to occur on October 30, 2014, but cannot proceed absent approval by this Court. The purchase price is full, fair and adequate consideration for the property, and the Purchaser is ready, willing and able to close the transaction.

8. The Debtors seek authority to sell HHI to Andrea Tarbox and David Gransee or their designee, free and clear of all claims, liens, encumbrances or interests, pursuant to Section 363(f) of the Bankruptcy Code. If the closing date occurred on October 30, 2014, the sale proceeds would be applied, disbursed or held subject to transferred liens as follows:

   a. Brokers' commission of $313,500.00, six percent of the sale price, payable to Charter One and Alliance Realty Group, upon subsequent motion by the Debtors and approval by the Court;

   b. Other customary closing costs of approximately $47,149.16;

   c. Pro rata share of 2014 property taxes, $18,506.73;

   d. Wells Fargo, 1st mortgage (not disputed), $763,393.19;

   e. Wells Fargo, 2nd mortgage (not disputed), $1,501,527.53; and,

   f. Wells Fargo, 3rd mortgage (not disputed), $1,753,530.13.

9. The Debtors assert that the liens held by UDX are in bona fide dispute, and the Debtors have announced their intention to commence an adversary proceeding against UDX and others for the reasons summarized in the Motion. The interests of UDX can be adequately protected by holding the net sale proceeds in escrow pending further Orders of this Court.

10. Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under Section 363(b) is later reversed or modified on appeal. The Purchaser is a good-faith purchaser entitled to the protections of Section 363(m).

11. Rule 6004(h) provides that an order authorizing a sale of property is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise. In order to avoid

3

Case 14-81177   Doc 38   Filed 10/29/14   Page 3 of 4

unnecessary expense or risk of not closing at all, this order will provide that it is effective immediately.

Based upon the foregoing, the Court concludes that the relief sought in the Motion is proper and in the best interest of creditors, and for good and sufficient reasons appearing it is therefore ORDERED as follows:

1. The Motion is granted.

2. All objections of UDX are overruled.

3. The Debtors are authorized to sell, transfer and convey the real property known as at 15 Seaside Sparrow Road, Hilton Head, South Carolina to Andrea Tarbox and David Gransee or their designee in accordance with the terms and conditions of the Contract.

4. All liens, claims, encumbrances or interests of any creditor or other party in interest are hereby transferred from said real property to the sale proceeds, specifically including but not limited to the following:

   a. Mortgage recorded January 30, 2003 in Book 1704, at Page 1262, Beaufort County SC Register of Deeds, in favor of Wachovia Mortgage Corporation.

   b. Mortgage recorded December 19, 2006 in Book 2493, at Page 1135, Beaufort County SC Register of Deeds, in favor of Wachovia Bank, N.A.

   c. Mortgage recorded April 9, 2008 in Book 2707, at Page 203, Beaufort County SC Register of Deeds, in favor of Wells Fargo Bank, N.A.

   d. Mortgage recorded June 17, 2014 in Book 3328, at Page 177, Beaufort County SC Register of Deeds, in favor of Harrington Bank, FSB.

5. The Debtors are authorized to distribute the Sale Proceeds at closing in payment of customary closing costs and the three mortgages held by Wells Fargo; provided however:

   a. The commission amounts due to brokers shall be held in escrow by the closing attorney pending further Orders of this Court.

   b. The remaining net sale proceeds shall be held in escrow by the Debtors' counsel pending further Orders of this Court.

6. The stay otherwise imposed by Bankruptcy Rules 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

[end of document]